NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIDE ZHEN, aka BIDE ZHENG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72312

Agency No. A202-150-872

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021[**]
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Bide Zhen, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ")

denial of asylum and withholding of removal.  Zhen claims that she faced police

persecution in China based on her political opinion.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum and withholding of removal. To establish persecution on account of her political opinion, Zhen must show that she held a political opinion (or that the police imputed one to her), and that she was persecuted because of that opinion. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021). Here, there is no dispute that the police targeted and harassed Zhen because she appealed the criminal sentences of her husband's murderers and advocated for the imposition of the death penalty. The only question is whether those beliefs constituted a political, as opposed to personal, opinion.

The BIA found that Zhen was targeted for police mistreatment because of her purely personal disagreement with the outcome of her husband's criminal case. In support, the BIA noted that Zhen had not taken any position on criminal justice in China generally, nor had she pursued advocacy for any criminal justice matter beyond her husband's case. Indeed, Zhen testified that the police officers themselves may have been involved in the illegal casino associated with her husband's murderers, which is why the police had a personal stake in deterring her continued pursuit of her husband's case. It was not unreasonable for the BIA to find that Zhen's opinion in this case was personal, not political, *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam), and the record does not compel the opposite conclusion.

Nor does the record compel the conclusion that Zhen is entitled to relief as a political whistleblower. To meet that standard, Zhen must have taken "concrete steps" to expose corruption, such as reporting to higher officials or publicizing her knowledge of corruption. *Singh v. Barr*, 935 F.3d 822, 826 (9th Cir. 2019) (per curiam). Again, though, the record does not compel the conclusion that Zhen's actions in challenging the criminal sentences were tied to the publicization of any government or judicial corruption. Rather, the record suggests that Zhen's mistreatment stemmed solely from her personal motivation to secure harsher sentences for her husband's murderers (and the efforts of police to stop her from doing so). Substantial evidence thus supports the agency's denial of asylum and withholding of removal.

**DENIED.**